# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| HANCOCK LUMBER CO. INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket no. 1:11-cv-317-NT ) |
| THOMAS R. CARBARY and ROBERT J. MISTICK, | ) ) ) ) |
| Defendants | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

This matter comes before the Court on Defendant Thomas R. Carbary's motion to strike the affidavit of Sheri Berk. Also pending, though not decided in this order, is the Plaintiff's motion for attachment and trustee process. The Court DENIES Defendant Carbary's motion to strike the affidavit of Ms. Berk, and directs the Clerk to set the Plaintiff's motion for attachment and trustee process for a hearing no sooner than twenty-one days after entry of this order.

On August 22, 2011, Hancock Lumber filed suit against Mr. Carbary to enforce a commercial guaranty executed by Mr. Carbary in 2002 which guaranteed payment of charges by Mr. Carbary's company, Wholesale Lumber Services, Inc., on its account at Hancock Lumber. According to the verified complaint, Hancock Lumber sold and delivered $95,544.90 in goods to Wholesale Lumber between December 30, 2010 and February 10, 2011, and, despite demand, was never paid for

these goods. Along with the complaint, Hancock Lumber filed a motion for attachment and trustee process against Mr. Carbary.

Mr. Carbary answered the complaint and opposed the motion for attachment and trustee process, calling into question *inter alia* the ultimate terms of any agreement between Hancock Lumber and Mr. Carbary and whether the goods sold to Wholesale Lumber in late 2010 through early 2011 were covered by the guaranty he had signed in 2002. In response, Hancock Lumber filed a reply and a supplemental affidavit of Sheri Berk, Hancock Lumber's accounts receivable general manager, explaining the circumstances under which Mr. Carbary's guaranty was signed back in 2002 and including invoices for the goods sold in 2010-2011 to Wholesale Lumber.

Following this reply, Mr. Carbary filed a motion to strike Ms. Berk's affidavit on the ground that replies, and in particular reply affidavits, are not authorized by Maine's rules governing attachment and trustee process, M.R. Civ. P. 4A and 4B[1]. Mr. Carbary asserts that Hancock Lumber's present motion for attachment and trustee process is insufficient without Ms. Berk's reply affidavit and asks the Court to first strike this affidavit and then to deny the motion for attachment and trustee process.

---

[1] Federal Rule of Civil Procedure 64 provides that "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Maine Local Rule of Civil Procedure 64 further provides that "A party to a civil action… may move for approval of attachment of property, including trustee process… within the District of Maine in accordance with state law and procedure as would be applicable had the action been maintained in the courts of the State of Maine, with the exception that the time periods provided in Rule 7 of these rules shall apply to the filing of objections to motions." Maine's laws providing for prejudgment attachment and trustee process are contained within its rules of civil procedure, M.R. Civ. P. 4A and 4B.

Rules 4A and 4B do not expressly permit a plaintiff to file a reply or a supplemental affidavit in support of a motion for attachment and trustee process and Maine's case law touching upon any such practice is inconclusive. *See Harris v. The Woodlands Club et al.*, 2009 WL 1747883 (Me. Super., March 23, 2009) (striking the Plaintiffs' reply affidavit on a motion for attachment and trustee process but noting that the Law Court has not decided the issue of the permissibility of reply affidavits and pointing out that considering the reply affidavits would not in any event have helped the plaintiffs.)

However, Mr. Carbary concedes that Rule 4A allows Hancock Lumber to refile its motion if at first it doesn't succeed, and that Hancock Lumber could attach Ms. Berk's affidavit at that time. Therefore, Mr. Carbary ultimately cannot prevent the presentation to the Court of this evidence. It does not serve the interests of "the just, speedy, and inexpensive determination" of this action to analyze the sufficiency of Hancock Lumber's motion for attachment and trustee process in the absence of this affidavit, only to have to possibly reconsider it at a later date with the affidavit. *See* Fed. R. Civ. P. 1, M.R. Civ. P. 1 (directing that the rules of civil procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.")

The Court by no means wishes to encourage the filing of reply affidavits. Under different circumstances, it might be appropriate to strike evidence presented in reply in support of attachment and trustee process. For example, if it appeared that a plaintiff was engaging in gamesmanship by deliberately withholding

3

pertinent information in an initial motion for attachment, or that a plaintiff was attempting to supplement or correct obvious deficiencies in the evidence presented in the initial motion, striking such a reply affidavit might be appropriate. In this case, however, the Court perceives no such circumstances and finds that denying the Defendant's motion to strike best serves the goals of a just, speedy, and inexpensive determination of this action.

The Court is also mindful of the fact that the rules governing attachment and trustee process must be strictly construed. *Englebrecht v. Development Corp. for Evergreen Valley*, 361 A.2d 908, 910-911 (Me. 1976) ("Since the attachment procedure is in derogation of the common law and may work a hardship upon debtors, the rule of strict construction of statutes under which the attachment is sued out applies..."). Any hardship or prejudice to Mr. Carbary arising out of the supplemental Berk affidavit can be removed by providing Mr. Carbary with sufficient time in advance of the hearing on the motion for attachment and trustee process to conduct whatever discovery he might have conducted had it been served upon him with the complaint and by providing him with an opportunity to file a sur-reply in advance of the hearing.

The Court therefore directs that a hearing on this matter, which is required pursuant to M.R. Civ. P. 4A(c) ("the order of approval may be entered only after notice to the defendant and hearing…"), be scheduled for a date not earlier than twenty-one days following entry of this order and that Defendant be permitted to file at any time prior to the hearing a surreply to address any new facts or

4

arguments set forth by the Plaintiff in its reply and affidavit in support of attachment and trustee process. Accordingly, the Defendant's Motion to Strike is DENIED.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 1st day of February, 2012.